**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20002-02-KHV |
| | ) | |
| SAMUEL BELL, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO SHOW CAUSE

On October 19, 2018, defendant filed a Notice Of Defendant's Eligibility For Early Termination Of Supervised Release (Doc. #98). In response, the government through counsel Terra D. Morehead asserted that defendant's notice violates the waiver of collateral challenges in the plea agreement because the notice specifically suggests that "termination of his supervised release is warranted." Government's Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release (Doc. #100) filed November 2, 2018 at 4. The government response does not disclose that in at least four other cases, judges of this court have refused to enforce similar plea waivers in the context of defense requests to terminate supervised release. See United States v. Clark, No. 07-20168-16-JWL, Memorandum & Order (Doc. #1869) filed October 2, 2018, at 3 (motion to terminate supervised release is not collateral attack); United States v. Darthard, No. 09-20156-01-JWL, Memorandum & Order (Doc. #49) filed September 27, 2018, at 4 (same); United States v. Westbury, No. 11-20080-01-CM, Clerk's Courtroom Minute Sheet (Doc. #73) filed September 4, 2018 at 1 (same); United States v. Bortnick, No. 08-20151-01-CM, Clerk's Courtroom Minute Sheet (Doc. #127) filed September 4, 2018 at 1 (same). In Clark and Darthard, Ms. Morehead was the assigned Assistant United States Attorney and prepared the government responses which asserted the waiver.

This Court has adopted the Kansas Rules of Professional Conduct, as promulgated by the Supreme Court of Kansas, as the applicable standards of professional conduct. <u>See</u> D. Kan. Rule 83.6.1. Rule 3.3(a)(2) of the Kansas Rules of Professional Conduct requires that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." **On or before December 21, 2018, Terra D. Morehead shall show good cause in writing why the Court should not refer this matter to the Kansas Office of the Disciplinary Administrator for violation of Rule 3.3(a)(2) of the Kansas Rules of Professional Conduct based on the filing of the <u>Government's Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release</u> (Doc. #100).**

**IT IS SO ORDERED.**

Dated this 6th day of December, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
